**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**UNITED STATES OF AMERICA,**

     **v.**

**JIMMIE LEE JONES,**

             **Defendant.**

**1:05-cr-617-WSD**

**OPINION AND ORDER**

This matter is before the Court on Defendant's untitled complaint regarding discovery [120], Notice of Attorney Xavier Dicks Failure to Comply with Magistrate's Court Order to Return Mr. Jones's Case file and Evidence to him [125], Evidence & Discovery Issues Unsolved [130], Notice of Governments Failure to Comply with Magistrates Court Order [56] Granting Motion 53 [162], Govt's Failure to Comply with Court Order to provide a Copy of All Discovery to the Defendant [175] and Motion for Relief for Judicial Misconduct [161].

**A.**    **Issues regarding discovery and materials [120, 125, 130, 162, 175]**

    1.  <u>Trial materials [120] and [125]</u>.  Defendant asserts a variety of complaints about the availability of material he wants to prepare for trial and states the Government failed to provide certain discovery in violation of Orders issued by the Court.  First, Defendant claims he requested, but has not received, evidence (or

copies of evidence) and transcripts which were in the possession of Defendant's former retained counsel, Mr. Xavier Dicks.  To the extent Mr. Dicks has not provided such material to Defendant, he is ordered to show cause why such evidence has not yet been provided.

2. <u>Access to materials [130]</u>.  In this submission, Defendant complains that Major Pitts at Atlanta Pre-trial detention failed to allow Defendant to keep at the center materials Defendant wants to prepare for his defense.  Defendant has now advised the Court that he has been transferred to the Atlanta Federal Penitentiary. This motion is moot and thus is denied.

3. <u>Magistrate Judge's conduct [161]</u>.  In this motion, Defendant complains about the treatment he has received from Magistrate Judge Alan J. Baverman. Specifically, Defendant complains that Judge Baverman has expressed racial animus toward him, on occasion has "belittled" him, and at one hearing recited a story from the Bible which Defendant contends is not in scripture.  Defendant claims all these events show that the Magistrate Judge is racially prejudiced against him.  Defendant claims this prejudice is inconsistent with the fair administration of

justice to which he is entitled, and the indictment should be dismissed.[1]

Defendant also complains about his limited access to the law library and telephone and being required to participate with Harrison Norris, Jr., a defendant in a related action, in a *Daubert* hearing on an expert the Government intended to call as a witness during Defendant's trial.  Defendant complains that the hearing was delayed when Norris changed counsel.

a. *Magistrate Judge's conduct*

The Court has reviewed examples of the Magistrate Judge's conduct cited by the Defendant, the Report and Recommendations issued by the Magistrate Judge, and the history of the processing of this case.  The Court cannot find any evidence that Magistrate Judge Baverman made any legal decision as a result of prejudice toward the Defendant.  To the contrary, in the Court's consideration of the Orders issued by the Magistrate Judge, especially the Report and Recommendations, there is no evidence that the Magistrate Judge reached any finding or recommendation, or

---

[1] Defendant also raises issues addressed in Orders deciding other motions he filed.  Specifically, he asserts that the conditions at the Atlanta Federal Penitentiary where he is being held violate his due process rights and that he has not received discovery that must be provided to him.  These issues will be addressed in other Orders issued by this Court.

decided any motion on the basis of prejudice toward the Defendant personally or any group generally.  The Magistrate Judge's findings, recommendations, and decisions are based on reason and applicable legal precedent.  This Court previously assumed sole responsibility for consideration of Defendant's motions and for the processing of this case.  Thus, whatever perceived concerns Defendant has have been addressed.

This Court reviewed the Report and Recommendation issued by the Magistrate Judge on March 8, 2007, regarding Defendant's *Daubert* motion and concludes that the evidence necessary to consider the motion was fully developed at the hearing.  The Magistrate Judge's recommendation is that the expert be excluded–a decision that is in Defendant's favor.  The Court finds the manner in which the hearing was conducted and the schedule for conducting it was reasonable and did not prejudice the Defendant.[2]

b.  *Library and telephone access*

Defendant is also concerned about his access to the law library and telephone. The Court notes that Defendant's access to legal authorities and the telephone to

---

[2]  The Court has not yet considered the Government's objections to the Magistrate Judge's ruling on the *Daubert* motion.

4

prepare for trial has been significantly impacted by his decision to refuse the

assistance of his experienced standby counsel and the resources available to her.

That said, the Court believes Defendant should have greater access to the law

library and the telephone and is directing the Warden at the Atlanta Federal

Penitentiary to provide Defendant the following access:

1.   <u>Law Library</u>:  Defendant shall be allowed access to the law library during the hours of 9:00 am - 12:00 noon, Monday through Friday from the date of this Order through trial.

2.   <u>Telephone</u>:  Defendant shall have access to a telephone according to the following conditions:

   a.   Defendant shall provide to prison authorities a list of the persons Defendant intends to call to prepare for trial.  The phone number for each person shall be provided.  The Defendant may add individuals to the list after the list is initially created.  Defendant is permitted to call only those persons necessary for the Defendant to prepare for trial.

   b.   Access to a telephone will be during the hours of 1:00 p.m. - 3:00 pm, Monday through Friday from the date of this Order through trial.

   c.   Prison officials shall dial the number of the individual(s) Defendant wants to call.  A

5

> prison official will be present when these
> calls are conducted, but such monitoring
> official may not report the content of such
> calls unless the monitoring official believes a
> call made indicates Defendant is intimidating
> or threatening the person(s) called, in which
> case a report shall be made to the Warden
> who shall in turn advise the Court.

> d.    Calls to Defendant's standby counsel will not
>       be monitored.

> e.    Three-way calls are not allowed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's untitled complaint regarding

discovery [120], and Notice of Attorney Xavier Dicks Failure to Comply with

Magistrate's Court Order to Return Mr. Jones's Case file and Evidence to him [125]

are **GRANTED**.  Mr. Xavier Dicks is hereby **ORDERED** to show cause, on or

before July 27, 2007, why he has not delivered to Defendant any evidence (or

copies of evidence) and transcripts which are in his possession.  If such materials

have been delivered to Defendant, Mr. Dicks may certify in writing the details of

his compliance with this Order.

**IT IS FURTHER ORDERED** Evidence & Discovery Issues Unsolved [130]

is **DENIED AS MOOT.**

6

**IT IS FURTHER ORDERED** that Notice of Government's Failure to Comply with Magistrates Court Order [56] Granting Motion 53 [162] and Govt's Failure to Comply with Court Order to provide a Copy of All Discovery to the Defendant [175] are **GRANTED.**  Counsel for the Government is **ORDERED** to show cause, on or before July 27, 2007, why it has not complied with the Magistrate Judge's orders dated July 6, 2006 [56] and May 8, 2007 [148].  If such materials have been delivered to Defendant, the Government may certify in writing the details of its compliance with these orders.

**IT IS FURTHER ORDERED** that Defendant's Motion for Relief for Judicial Misconduct [161] is **GRANTED IN PART** and **DENIED IN PART**. Defendant's motion to dismiss the indictment based on alleged judicial misconduct is **DENIED**.  To the extent Defendant complained about and impliedly requested greater access to the law library and to the telephone to prepare for his upcoming trial, the motion is **GRANTED**.  The Court **DIRECTS** the Warden of the Atlanta Federal Penitentiary to provide Defendant with law library and telephone and access as follows:

1. Law Library:  Defendant shall be allowed access to the law library during the hours of 9:00 am - 12:00 noon, Monday through Friday from the date of this order

through trial.

2.    <u>Telephone</u>:  Defendant shall have access to a telephone according to the following conditions:

    a.    Defendant shall provide to prison authorities a list of the persons Defendant intends to call to prepare for trial.  The phone number for each person shall be provided.  The Defendant may add individuals to the list after the list is initially created.  Defendant is permitted to call only those persons necessary for the Defendant to prepare for trial.

    b.    Access to a telephone will be during the hours of 1:00 p.m. - 3:00 pm, Monday through Friday from the date of this order through trial.

    c.    Prison officials shall dial the number of the individual(s) Defendant wants to call.  A prison official will be present when these calls are conducted, but such monitoring official may not report the content of such calls unless the monitoring official believes a call made indicates Defendant is intimidating or threatening the person(s) called, in which case a report shall be made to the Warden who shall in turn advise the Court.

    d.    Calls to Defendant's standby counsel will not be monitored.

    e.    Three-way calls are not allowed.

8

**SO ORDERED** this 18th day of July, 2007.


_____

WILLIAM S. DUFFEY, JR.

UNITED STATES DISTRICT JUDGE