# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

UNITED STATES OF AMERICA,

     **v.**

JIMMIE LEE JONES,

             **Defendant.**

                         **1:05-cr-617-WSD**

## OPINION AND ORDER

This matter is before the Court on Defendant Jimmie Lee Jones's

("Defendant" or "Jones") Objections [99, 103, 111, 124][1] to the Report and

Recommendation issued by Magistrate Judge Alan J. Baverman on December 21,

---

[1] Jones is a *pro se* defendant. The documents which the Court considered as Defendant's objections are titled: "Motion to Reconsider Preliminary Motion to Dismiss Indictment [Doc.87] for Violation of the Fifth Amendment the Grand Jury Clause and failing to meet the standards of Fed. R. Crim. P. 6" [99], "Motion to Reconsider Preliminary Motion to Dismiss Indictment [Doc.80]" [103], "Motion to Reconsider Preliminary Motion Pursuant to Fed. R. Evid 403 [Doc.89]" [111], and "Motion to Clarify Objections to Report & Recommendation of the Magistrate [Doc 98]" [124]. In the Motion to Clarify, Jones states he intended docket entries [99] and [103] to be objections to the Magistrate Judge's Report and Recommendation. Accordingly, the Court has treated these entries as part of the Objections. Docket entry [111] was not included in the docket entries Jones intended as objections, but because it addresses an evidentiary issue decided in the December 2006 R&R, the Court has considered it even though it was not timely filed. The Court considers this untimely pleading because Defendant is a *pro se* litigant.

2006 (the "December 2006 R&R") [98].  The December 2006 R&R addresses

Defendant's Preliminary Motion to Dismiss Superseding Indictment [80],

Preliminary Motion for Production of 12/29/05 Grand Jury Transcript [84], Motion

to Dismiss Superseding Indictment for Violation of the Fifth Amendment the

Grand Jury Clause of the United States Constitution and failing to meet the

standards of Fed. R. Crim. P.6" [87], and "Preliminary Motion pursuant to F.R.E.

403" [89] (collectively the "Motions").  Defendant's Objections do not address the

specific findings and analysis in the R&R.  Instead, Defendant largely reiterates the

arguments he made in support of the Motions.

## I.   STANDARD OF REVIEW

After conducting a careful and complete review of the findings and

recommendations, a district judge may accept, reject or modify a  judge's report

and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d

732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall

make a *de novo* determination of those portions of the report or specify proposed

findings or recommendations to which objection is made."  28 U.S.C.

§ 636(b)(1)(c).  This requires that the district judge "give fresh consideration to

those issues to which specific objection has been made by a party."  Jeffrey S. v.

State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)).  With respect to those findings and recommendations to which the Defendant has not asserted objections, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

Defendant has not objected to the facts set out in the R&R, and the Court adopts those facts as the factual findings of the Court.[2]  The Court will give fresh consideration to the issues for which specific objections are asserted.

## II.    DISCUSSION

### 1.  Defendant's December 28, 2006 Objections [99]

Defendant asserts in his December 28, 2006 Objections that the grand jury was in session on February 23, 2006, the government presented evidence to the grand jury regarding the investigation of the Defendant, the evidence presented convinced the grand jury there was insufficient basis to indict him, and the grand

---

[2]  The Court notes the thoroughness of the Magistrate Judge's December 2006 R&R.  The report, which is 41 pages long, reviews the Motions and organizes the arguments asserted.  Defendant's arguments are scattered across the Motions and often reiterated in more than one of the Motions.  The Magistrate Judge's organization and presentation of Defendant's arguments was fair and allowed the Court to more efficiently and carefully consider the arguments advanced in the Motions.

jury did not concur in an indictment and refused to return a superceding indictment against him.  Defendant alleges further that the grand jury foreperson "deceptively tried to hide the lack of concurrence from the Court, by not filing a report of the 'lack of concurrence' to the Magistrate Judge pursuant to Fed. R. Crim. P. 6(f)." (December 28, 2006 Objections [99], at 5-6.)  Accordingly, Defendant argues that the superceding indictment returned against him on June 13, 2006 is invalid and must be dismissed.

This argument is duplicative of a more general contention asserted by the Defendant in the Motions and which was addressed in the December 2006 R&R. (December 2006 R&R, at 36-37.)  The Court notes that Defendant's allegations are unsupported and not credible.  The Court accepts, for the purposes of considering Defendant's Objections, that evidence may have been presented to the grand jury on February 28, 2006, but there is no evidence that the grand jury voted on an indictment on that day or that they failed to concur in an indictment.  Even if the grand jury voted not to indict, for the reasons stated in the December 2006 R&R, the grand jury was not required to report this action to the judge[3] or this Court and

_____

[3] Lack of concurrence is required to be reported only if a complaint or information is pending against the defendant.  Fed. R. Crim. P. 6(F).  At the time of this grand jury session, an indictment was pending against the defendant.

it did not preclude a further presentation to the grand jury and a further vote on a superceding indictment.

Second, Defendant argues that there are irregular signatures on the superseding indictment returned against him on June 13, 2006.  Specifically, he claims the grand jury foreperson's signature on the December 29, 2005, original indictment and the June 13, 2006, superseding indictment clearly show the superceding indictment was forged.  As further evidence that the superceding indictment is fraudulent, Defendant points to the fact that an Assistant United States Attorney ("AUSA") from the Department of Justice in Washington signed the June 2006 indictment for AUSA Jane Swift, the prosecutor from the office of the United States Attorney from this district.  Defendant made the same argument in his Motions.

There is a strong presumption an indictment is valid.  Ward v. United States, 694 F.2d 654, 658 (11th Cir. 1982).  There is no evidence that the grand jury voted on an indictment on February 28, 2006, or that any irregularity occurred during a grand jury session.  The Court has personally reviewed the copies of the indictments which are attached to Defendant's December 28, 2006 Objections.  The signature of the foreperson is consistent, and there is no other evidence of

irregularity or forgery.  If there is a slight difference in the signature on the two different copies of the December 29, 2005 indictments, these variations are consistent with the kinds of immaterial differences one finds when multiple copies of a document are executed.[4]  Finally, the June 13, 2006, indictment was signed by a government lawyer who is counsel of record in this case.  That she signed the indictment for Ms. Smith, and indicated she was doing so, was proper and is not evidence of any irregularity or forgery.

Finally, with respect to the counts charging Defendant with sex trafficking in children, Defendant states that "not one of the so-called alleged victims are under the age of 18 years old."  (December 28, 2006 Objections, at 9.)  He does not offer any facts to support this claim and there is no credible argument that the evidence presented to the grand jury does not support the grand jury findings that there was probable cause to charge Defendant with these counts.  Defendant's December 28, 2006 Objections are thus overruled.

---

[4]  The Court notes that the copies of the December 2005 indictments were entered by different members of the clerk's office indicating they were different copies.

2.  <u>Defendant's January 4, 2007 Objections [103]</u>

In his January 4, 2007 Objections, Defendant claims that Judge Baverman injudiciously and subjectively considered Defendant's legal arguments and motions.  Defendant complaints that Judge Baverman commented that Defendant rambled in his presentations and that Judge Baverman often ruled in favor of the Government.  This Court has reviewed the December 2006 R&R and finds that although the Magistrate Judge may have been frustrated with some of Defendant's submissions, the Judge's review and analysis was legally objective and fair.  The Court understands the Defendant is a legally inexperienced *pro se* party and has attempted to understand Defendant's legal arguments and to rule on them objectively.  Defendant has an interest in the Court ruling on his objections in accordance with the law.

Defendant appears to argue that none of the victims named in Counts One through Six were minors, and because they are not, these counts should be dismissed.  However, only Counts Seven and Eight alleged sex trafficking of minors.  Sex trafficking in minors is not alleged in Count One through Six, and the age of the victim is not an element of Counts One through Six.  The Court has reviewed the structure and content of Counts One through Six and compared them

-7-

with the crime set out in 18 U.S.C. § 1591(a) and (b)(1) and (2) and concludes the Counts are sufficiently and correctly alleged.  Specifically, the indictment allegation that the acts took place in interstate commence is legally sufficient. Moreover, the use of victim initials in the indictment does not render the indictment impermissibly vague, and any possible vagueness was addressed when Defendant was provided with the identify of the victims alleged by initials in the indictment.  Defendant's January 4, 2007 Objections are thus overruled.

      3.  <u>February 1, 2007 Objections Regarding Victim Testimony [111]</u>

      Defendant's February 1, 2007 Objections are a restatement of the argument presented in the Motions submitted to the Magistrate Judge.  Defendant objects to the admission of expected testimony of victim witnesses that Defendant videotaped sex acts in which they were forced to participate.  Defendant argues this testimony should be excluded because the tapes are not available.  He also reiterates that the victim witnesses should not be permitted to testify that they were physically abused by the Defendant or that when this abuse did not create bruises and marks, Defendant stated that it was because he had God's favor.  This testimony may well have significant jury impact, which the Court believes will be tempered by cross-examination of these witness to establish that the tapes are not available and they

did not suffer bruises or other marks due to the alleged abuse.  Ultimately, the

Court finds that the testimony is evidence of intimidation and coercion of the

victims, and its prejudicial effect does not outweigh its probative value.  Fed. R.

Evid. 403.  The question at trial will be the persuasiveness of the testimony.  If the

tapes later are discovered, the Court will promptly and seriously evaluate why they

previously were unavailable and what action, if any, should be taken.  Thus,

Defendant's February 1, 2007 Objections regarding certain witness testimony are

overruled.

>        4.  <u>Defendant's Clarification of Objections [124]</u>

In his motion to clarify his Objections, Defendant only directs the Court to

the submissions Defendant wants considered as objections, thus a ruling on this

submission is not required.

**IV.   CONCLUSION**

The Court has carefully considered the December 2006 R&R, has given

fresh consideration and *de novo* review to those issues to which Defendant objects,

and has reviewed for plain error those portions of the R&R to which an objection

was not made.  The Court finds the Magistrate Judge correctly decided the

Motions.  Based on the Court's review and consideration of the December 2006 R&R and Objections,

**IT IS HEREBY ORDERED** that the Court **OVERRULES** the objections set forth in "Motion to Reconsider Preliminary Motion to Dismiss Indictment [Doc.87] for Violation of the Fifth Amendment Grand Jury Clause and failing to meet the standards of Fed. R. Crim. P. 6" [99], "Motion to Reconsider Preliminary Motion to Dismiss Indictment [Doc.80]" [103], and "Motion to Reconsider Preliminary Motion Pursuant to Fed. R. Evid 403 [Doc.89]" [111].

**IT IS FURTHER ORDERED** that the Court **ADOPTS AS ITS ORDER** the December 2006 Report and Recommendation [98] issued by the Magistrate Judge.  Defendant's Preliminary Motion to Dismiss Superseding Indictment [80], Preliminary Motion for Production of 12/29/05 Grand Jury Transcript [84], Motion to Dismiss Superseding Indictment for Violation of the Fifth Amendment Grand Jury Clause of the United States Constitution and failing to meet the standards of Fed. R. Crim. P. 6 [87], and Preliminary Motion pursuant to F.R.E. 403 [89] are **DENIED**.

**SO ORDERED** this 18th day of June, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE