IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:05-cr-617-WSD |
| JIMMIE LEE JONES, | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Jimmie Lee Jones's ("Defendant" or "Jones") Objections [147, 149, 154, 163, 164][1] to the Report and Recommendation issued by Magistrate Judge Alan J. Baverman on March 8, 2007 (the "March 2007 R&R") [121]. The March 2007 R&R addresses Defendant's three motions for reconsideration: "Motion to Reconsider Preliminary Motion to Dismiss Indictment [87] for Violation of the Fifth Amendment Grand Jury Clause and failing to meet the standards of Fed. R. Crim. P. 6" [99], "Motion to

---

[1] Jones is a *pro se* defendant. The documents which the Court has considered as Defendant's objections are titled:  Objections to Magistrate's Denial (R&R) of [Doc 115] Violation of Speedy Trial [147], [154]; Objections to Magistrate's Denial [Doc 99] of Violation Grand Jury Clause & Fed. R. Crim. P. 6 FWD: District Judge [149]; Motion Requesting District Judge Rule on Defendant's Objections to Magistrate's R&R [Doc 121] Pursuant F.R.C.P. 12(d) [163]; and Objections to Magistrates Denial  [Doc 103] of Reconsideration Dismiss Indictment [Doc 121] R&R FWD: District Judge [164].

Reconsider Preliminary Motion to Dismiss Indictment [Doc. 80]" [103], and "Motion to Reconsider Preliminary Motion Pursuant to Fed. R. Evid. 403 [Doc. 89]" [111] (collectively the "Motions to Reconsider").[2]

Defendant's Objections generally do not address the specific findings and analysis in the March 2007 R&R, but largely reiterate the arguments Defendant made in support of the Motions to Reconsider.

## I.   DISCUSSION

### A.   Standard of Review

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or

---

[2] The March 2007 R&R also considers Defendant's Motion for Order of "Bill of Particulars" pursuant to Fed. R. Crim. P. 7(f) [110], Motion for all Transcripts of Court Proceedings [112], and Motion to Request Notice of the Government's Intent to use (in its Evidence-in-chief) at trial pursuant Fed. R. Crim. P. Rule 12(b)(3)(c) [114].  No objections to the findings and recommendations related to these motions have been asserted.  The Court finds no plain error in the Magistrate Judge's decisions regarding these motions, and finding no plain error, the Court adopts them as its Order.

specify proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)). With respect to those findings and recommendations to which the Defendant has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Defendant has not objected to the facts set out by the Magistrate Judge in the March 2007 R&R, and the Court adopts those facts as the factual findings of the Court.[3]

The Court notes initially that in the March 2007 R&R, the Magistrate Judge addressed some of Defendant's arguments which this Court considered as objections to the December 21, 2006 Report and Recommendation (the "December 2006 R&R") issued by Judge Baverman. Defendant styled his [99], [103], and [111] pleadings as "Motions to Reconsider," and the Magistrate Judge treated them as such. Defendant then stated that he intended for those filings to be Objections

---

[3] The March 2007 R&R is very thorough. It is 53 pages long and addresses the Defendant's arguments in a logical, systematic way and facilitated this Court's consideration of Defendant's Objections.

addressed to this Court.  Thus, the Court addressed these Objections in its July18, 2007 Order (the "July 18, 2007 Order").[4]

The Court has reviewed the Magistrate Judge's conclusions in the March 2007 R&R.  The Magistrate Judge's findings and recommendations therein further support this Court's July 18, 2007 Order overruling Defendant's Objections to the December 2006 R&R.

B.  Speedy Trial Objections[5] [147], [154], and [115][6]

In these objections, Defendant again argues that his speedy trial rights have been violated.  The Court has conducted a detailed review of the processing of this

---

[4] The Court notes that Defendant has vigorously advocated his legal position in this action, and in doing so, has often filed various pleadings with overlapping arguments.  The Court has carefully studied Defendant's submissions to ensure that it addresses all objections to the March 2007 R&R.

[5] These submissions are duplicate submissions of the same pleading.  They were filed on May 4 and 15, 2007, respectively.

[6] The Court notes that Defendant's objections considered in this Order do not appear to be timely filed.  Defendant filed his first objection on May 4, 2007–over a month after they were due.  For this reason, the Court could treat the March 2007 R&R as facing no objection and simply conduct a plain error review.  Defendant, however, claims the Magistrate Judge did not serve him with the March 2007 R&R [163].  This claim is inconsistent with the docket, but the Court accepts the Defendant's representation and has considered the Objections as if they were timely filed.  Thus, the Court reviews the March 2007 R&R *de novo*.

case.[7]  Defendant filed 29 motions during the period of February 28, 2006 through June 15, 2007.  Most of these motions are addressed by the three Report and Recommendations issued by Magistrate Judge Baverman.[8]  The Defendant filed eight sets of objections (or motions which the Court treated as objections) to the December 2006 R&R and the March 2007 R&R.  The Government objected to the R&R issued by the Magistrate Judge on May 8, 2007, which granted Defendant's motion to exclude the government's proffered expert testimony.  A total of 10 hearings have been held on these motions.

To determine whether Defendant's speedy trial rights have been violated, the Court employs the four factor test set forth by the Supreme Court in Barker v. Wingo.  See Barker v. Wingo, 407 U.S. 514, 530 (1972) (holding that the four factors are length of the delay, the reason for the delay, the defendant's assertion of his right to a speedy trial, and prejudice to the defendant).

---

[7] The Court notes that Defendant dismissed two lawyers he previously retained, requested continuances as a result of these dismissals, and ultimately moved to represent himself.  An extended hearing was conducted on Defendant's motion to proceed *pro se* and was granted.

[8] The Report and Recommendations were issued on December 21, 2006, March 8, 2007 and May 8, 2007.

The first factor–the length of the delay–weighs in favor of Defendant.[9] The Court notes, however, that while Defendant was initially represented by retained counsel, various delays were presented to the Defendant to accommodate the schedule of his counsel, to process motions filed, and otherwise to permit the orderly consideration of pretrial issues.  During this time, neither Defendant nor his counsel demanded a speedy trial.  In fact, Defendant did not raise the speedy trial issue until approximately February 12, 2007.  On the day Defendant requested a speedy trial, five motions filed by him were pending.

Shortly after February 12, 2007, Defendant requested to represent himself in this matter.  That request required a prolonged hearing, after which the Magistrate Judge determined that Defendant should be allowed to represent himself. Defendant then filed three motions for reconsideration on other Orders entered by the Magistrate Judge, which the Magistrate Judge addressed in his March 2007 R&R.  Thereafter, Defendant filed five pleadings challenging the recommendations in the March 2007 R&R, now under review here.  Defendant has filed another

---

[9] Defendant was indicted on December 29, 2005 and arrested on December 30, 2005.

eight motions which are under consideration by this Court.  The Court necessarily concludes that the delays to date have been caused by Defendant.

The Court further finds that each delay has benefitted Defendant, including: (i) allowing Defendant's replacement counsel to prepare for defense of the case after Defendant discharged his retained lawyers; (ii) allowing briefing and consideration of the multiple pleadings filed by Defendant; and (iii) conducting hearings on motions filed by the Defendant.  Defendant, in a *pro se* capacity, has filed an unusually large number of pleadings which require significant time for the Court to decipher and address.  The Court has been required to conduct a significant amount of independent research, some of which has been exhaustive, to evaluate fairly the issues the Defendant has raised, often in a conclusory fashion.

Defendant has not presented any evidence that the Government purposefully caused delay for any strategic advantage.  Indeed, the evidence is that the Government generally has not opposed the various delays Defendant requested or which were required by decisions Defendant made in the processing of this case, such as his decision to change lawyers and then to represent himself.  The Court finds specifically that each of the delays were in the interest of justice, the Defendant's speedy trial rights have not been denied, and Defendant has not been

prejudiced by any delay in this case.  See 18 U.S.C. § 3161(h)(8).  Defendant's objections on this issue are overruled.[10]

    C.  Objection Regarding Grand Jury Testimony [149]

In this objection, Defendant again asserts that witnesses that testified to the grand jury in February 2006 did not testify again in June when the superceding indictment was returned.  Defendant apparently claims this shows the June 13, 2006, superseding indictment was improperly returned or was forged.  For the reasons set forth in this Court's July 18, 2007 Order and those set forth in the March 2007 R&R, this objection is overruled.

---

[10] In United States v. Ingram, the Eleventh Circuit indicated that the relevant time frame for evaluating speedy trial rights is the time from indictment to commencement of trial.  United States v. Ingram, 446 F.3d 1332, 1337 n.3 (11th Cir. 2006).  The Court agrees with the Magistrate Judge that Defendant's speedy trial motion should be dismissed without prejudice.  The Court notes that in Defendant's Motion to Dismiss, he first complains about his representation by his retained counsel.  (Mot. to Dismiss [115].)  In that motion, he asked for counsel to be appointed for him.  This issue was not the subject of a prior motion and was not addressed in the March 2007 R&R.  It ordinarily would be inappropriate for this Court to address the appointed counsel request here.  The Magistrate Judge, however, allowed Defendant to proceed *pro se,* and the Court agrees Defendant knowingly and voluntarily chose to proceed *pro se*.  The Court will allow Defendant to represent himself at trial.  The Court notes further that experienced, effective standby counsel has been appointed for Defendant, although Defendant still resists the assistance of that counsel.  Accordingly, this objection, if it constitutes one, is now moot and thus is overruled.

D.  Request for Ruling [163]

While not an objection, the Court notes this as a request for ruling on the objections addressed in this Order.  Accordingly, this motion is denied as moot.

E.  "Vagueness" Objection [164]

In this pleading, Defendant reiterates the arguments he made three times previously, that the superseding indictment is vague because the dates alleged in specific counts are "open-ended," the states he is accused of traveling through are not specifically named, and that interstate commerce is not sufficiently plead.  Put another way, Defendant again argues the counts are too "factually unspecific" and thus must be dismissed.  For the reasons set forth in the December 2006 R&R, the March 2007 R&R, and the July 18, 2007 Order, these objections are deemed untimely and otherwise are overruled.[11]

## II.  CONCLUSION

The Court has carefully considered *de novo* those findings and recommendations to which Defendant asserted an objection and has reviewed for

---

[11] On April 10, 2007, Defendant submitted a pleading in which he complained that he did not receive the Magistrate Judge's March 2007 R&R.  (Notice of Filing [134].)  Defendant later received a copy and has since objected to the R&R.  Thus, Defendant's Notice, to the extent it is considered a motion, is **DENIED** as **MOOT**.

plain error the remaining portions of the March 2007 R&R.  Based on the Court's review and consideration of the March 2007 R&R and Defendant's Objections,

**IT IS HEREBY ORDERED** that the Court **OVERRULES** the objections set forth in "Objections to Magistrates Denial (R&R) of [Doc 115] Violation of Speedy Trial" [147, 154], "Objection to Magistrate's Denial [Doc 99] of Violation of Grand Jury Clause & Fed. R. Crim. P.6 FWD: District Judge" [149], "Motion Requesting District Judge Rule on Defendant Objections to Magistrate's R&R Doc [121] Pursuant F.R.C.P. 12(d)" [163], and "Objections to Magistrates Denial [Doc 103] of Reconsideration Dismiss Indictment [Doc 121] R&R FWD: District Judge" [164].

**IT IS FURTHER ORDERED** that the Court **ADOPTS AS ITS ORDER** the Report and Recommendation issued by the Magistrate Judge on March 8, 2007 [121], and Defendant's "Motion to Reconsider Preliminary Motion to Dismiss Indictment [Doc.87] for Violation of the Fifth Amendment The Grand Jury Clause and failing to Meet the Standards of Fed. R. Crim. P. 6" [99], "Motion to Reconsider Preliminary Motion to Dismiss Indictment [Doc.80]" [103], and "Motion to Reconsider Preliminary Motion Pursuant to Fed. R. Evid. 403 [Doc.89]" [111] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Order of "Bill of Particulars" pursuant to Fed. R. Crim. P. 7(f) [110], Motion for all Transcripts of Court Proceedings [112], and Motion to Request Notice of the Government's Intent to use (in its Evidence-in-chief) at trial pursuant Fed. R. Crim. P. Rule 12(b)(3)(c) [114] are **GRANTED**.

**SO ORDERED** this 19th day of July, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE