IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.                                                          1:05-cr-617-WSD

JIMMIE LEE JONES,

  Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Jimmie Lee Jones's ("Defendant" or "Jones") Notice of Violation of Due Process (" Notice of Violation" [165].)  Defendant asserts a variety of arguments, several of which he previously asserted and which were addressed by the Court.  The Court addresses each of these arguments separately.

  A.    <u>Bad faith suppression of discovery and exculpatory evidence</u>

Defendant alleges the Government has failed to produce discovery and specifically has failed to produce exculpatory evidence that would have persuaded the Court not to detain him pending trial.  Defendant asserts that he had in his possession certain business documents which were not reviewed by investigating agents and were not presented to the grand jury.  He claims further that "none of

the alleged victims had a[n] actual valid statement or report on public record at the time of the grand jury proceedings." (Notice of Violation at 4.) He claims that evidence seized from his home was not produced in discovery. Defendant contends this unproduced evidence would establish his innocence, because it would show he was a legitimate business owner of Jimmie L. Jones & Assoc. and Candy Girl Casting and that he previously was employed as a security guard. Defendant argues that the Government's failure to produce materials seized during his arrest and search of his home hindered his ability to challenge his detainment.

The Court has considered the Defendant's appeal of his pretrial detention. Even if Defendant had operated a legitimate business, this fact would not have affected, and does not now affect, this Court's decision that Defendant must be detained. Based on the evidence available, the Court determined that Defendant posed a significant, real risk to the safety of the community. There is no credible argument that the grand jury was denied information which would have impacted its finding of probable cause that the Defendant committed the offense with which he is charged. To the extent there is evidence which would exonerate Defendant, it may be presented at trial.

To the extent Defendant claims that the Government did not produce in

2

discovery any exculpatory evidence it seized, the Government is required to show cause why such information, if any, was not produced pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure.

      B.      Due Process Claims Involving Defendant's Confinement

Defendant also claims he suffered due process violations due to his transfer in April 2007 to the Atlanta Federal Penitentiary ("AFP"). (Notice of Violation [165] at 11-12.) Defendant contends that his due process rights have been violated by his placement with convicted inmates when he is only a pretrial detainee. He further contends that his ability to defend himself *pro se*, which includes the gathering of witnesses on his behalf, has been unconstitutionally impaired by his lengthy placement in "23 [hour] lockdown" with only one hour to shower and fifteen minutes of telephone use per day. (Id. at 11-13.) Defendant Jones asserts that these harsh conditions of confinement constitute unlawful punishment of a pretrial detainee. (Id. at 12, 14-15.) Defendant seeks dismissal of the charges against him and release from prison.

In seeking dismissal of his criminal case and release from prison, Defendant appears to seek habeas corpus relief via a § 2241 petition. A habeas corpus petition generally attacks the fact or duration of a prisoner's confinement and seeks

3

the remedy of immediate release or a shortened period of confinement. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (noting that claims challenging the fact or duration of a term of confinement "fall within the 'core' of habeas corpus").

Before addressing Defendant Jones's claims in the context of seeking habeas relief, this Court will set forth pertinent provisions of the Bail Reform Act (the "Act"), 18 U.S.C. § 3141 et seq., as they relate to his pretrial detention. Under the Act, a federal court must order a person either "released" or "detained" pending trial, imposition and execution of sentence, and appeal. 18 U.S.C. § 3141. Pretrial detention is allowed only after the court holds a hearing and finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e). Pursuant to 18 U.S.C. § 3145(b), a federal pretrial detainee may move for revocation or amendment of a detention order issued under the Act. Further, that detainee may appeal either his detention order or order denying revocation or amendment to the court of appeals. 18 U.S.C. § 3145(c).

A federal pretrial detainee who seeks to challenge a detention order through a § 2241 habeas petition must first exhaust his remedies provided under § 3145.

See United States v. Pipito, 861 F.2d 1006, 1009 (7th Cir. 1987) (holding that the district court properly refused to entertain a federal detainee's § 2241 petition because he should have sought review of the detention order under § 3145); Fassler v. United States, 858 F.2d 1016, 1017-18 (5th Cir. 1988) (holding that the remedies available under § 3145 are strongly preferred to a § 2241 petition); Moore v. United States, 875 F. Supp. 620, 623 (D. Neb. 1994) (concluding that a federal pretrial detainee seeking to challenge his detention order should exhaust his available remedies under § 3145 before filing a § 2241 habeas petition).

In the instant case, Magistrate Judge C. Christopher Hagy entered an order on January 4, 2006, detaining Defendant Jones on the grounds that there was "a serious risk that the defendant [would] endanger the safety of another person or the community." (Order [13].) Pursuant to § 3145(b), Defendant Jones appealed Judge Hagy's detention order to this Court. (Appeal [26].) On April 5, 2006, the Court denied Defendant Jones's *de novo* appeal of the detention order. (Order [30].) A second appeal was recently denied on July 18, 2007.

The record reflects that Defendant Jones failed to appeal either the detention order or the orders denying the § 3145(b) appeal to the Eleventh Circuit Court of Appeals. The record further reflects that Defendant Jones has not sought

reconsideration of the detention order pursuant to §§ 3142(f) or 3145(b) based on his current detention at the AFP.  See United States v. Warneke, 199 F.3d 906, 908 (7th Cir. 1999) (recognizing that the Act "allows a defendant to request reconsideration of his detention at any time").  Thus, to the extent that Defendant Jones's due process claims seeking to challenge the conditions of his pretrial detention can be construed as a § 2241 petition, they are subject to dismissal on the grounds that he has failed to exhaust his available remedies before seeking habeas corpus relief.

     Even if he had exhausted his available remedies, Defendant Jones fails to state an actionable due process violation entitling him to habeas relief in the form of dismissal of this criminal proceeding and release from prison.  Defendant Jones's due process claims that he has suffered unconstitutional punishment based on the conditions of his confinement at the AFP may instead be raised in a separate civil rights action arising under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004) (addressing in the context of a Bivens action the federal detainee's claims that he was subject to harsh conditions of pretrial detention).  Through a Bivens action, Defendant Jones may seek relief in the form

of either damages or proper injunctive relief.[1]

Moreover, this Court finds that Defendant Jones's due process claims essentially center on his belief that he cannot properly access this Court and defend himself as a result of the harsh conditions imposed on him at the AFP. Access-to-courts claims arise from both the Due Process Clause and the First Amendment. See Bounds v. Smith, 430 U.S. 817, 828 (1977); Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir. 1995); Green v. Warden, U.S. Penitentiary, 699 F.2d 364, 369 (7th Cir. 1983). To state such a claim, a prisoner must show that "an actionable claim . . . which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented." Lewis v. Casey, 518 U.S. 343, 356 (1996) (citing Bounds, 430 U.S. at 828).

While alleging that he is under 23-hour lockdown with limited use of the telephone, Defendant Jones fails to demonstrate how his conditions of confinement

---

[1] Defendant Jones also complains that two U.S. Marshals forced him to move four heavy boxes while he was handcuffed and shackled. (Notice of Violation [165] at 12.) Defendant Jones further asserts that he was forced to strip naked at the AFP like a convicted criminal. (Id. at 13.) Even assuming such claims relate to the issue of unconstitutional punishment of a detainee, this Court finds that Defendant Jones would not be entitled to habeas relief in the form of immediate or earlier release from prison. Rather, to the extent that Defendant Jones was actually injured, these distinct claims may be more appropriately asserted in a separate Bivens action.

have actually prejudiced his ability to defend against the criminal charges brought against him.  Even though he is currently proceeding *pro se*, Defendant Jones retains the right to have counsel represent him in preparation for and at trial.  Defendant Jones's numerous submissions in this case also reflect that he has not been denied meaningful access to this Court as a *pro se* litigant.  Furthermore, this Court has recently entered an Order directing the AFP's warden to permit Defendant Jones greater access to the law library as well as the telephone for the purpose of contacting individuals in preparation for trial.  (Order [178] at 5.)  Accordingly, Defendant Jones's due process claim involving access to the court presents no basis for relief.

For the foregoing reasons, Defendant Jones's Notice of Violation asserting due process violations as to the conditions of his confinement [165] is denied.

**SO ORDERED** this 23rd day of July, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE